UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
JOYCE DE LA ROSA,

                      Plaintiff,

      -against-

SEVENEAST 19 LLC and SCANLAN
THEORDORE AMERICAS, LLC,

                      Defendants.
---------------------------------------------------x

Docket No. 22-cv-06575

**ANSWER, AFFIRMATIVE DEFENSES,
AND CROSS-CLAIM**

Defendant Seveneast 19 LLC ("Seveneast"), by its attorneys, Kucker Marino Winiarsky & Bittens, LLP, as and for its answer to the Complaint:

## NATURE OF THE CLAIMS

1. Denies the allegations contained in paragraph 1 of the Complaint except admits that Plaintiff purports to bring this action pursuant to various laws and respectfully refers all questions of law to the Court.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of the paragraph 2 of the Complaint and denies the remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and respectfully refers all questions of law to the Court.

4. Denies the allegations contained in paragraph 4 of the Complaint except admits that

1

venue is proper in this Court.

## **PARTIES**

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint except admits defendant Scanlan Theodore Americas, LLC ("Scanlan") is the current lessee of certain commercial property located at 7 East 19th Street, New York, New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint except admits Seveneast is licensed to and does conduct business in New York State.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and respectfully refers all questions of law to this Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and respectfully refers all questions of law to this Court.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. Denies the allegations contained in paragraph 18 of the Complaint and respectfully refers all questions of law to this Court.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and respectfully refers all questions of law to this Court.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Admits the allegations contained in paragraph 21 of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint.

23. Admits allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Admits the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and respectfully refers all questions of law to this Court.

29. Denies the allegations contained in paragraph 29 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 30 of the Complaint, and respectfully refers all questions of law to this Court.

31. Denies the allegations contained in paragraph 31(I)-(VI) and (X) and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint as they purport

to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in the first sentence of paragraph 36 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act)**

41. Repeats and realleges the foregoing by reference as if fully set forth herein.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and respectfully refers all questions of law to this Court.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and respectfully refers all questions of law

to this Court.

45. Denies the allegations contained in paragraph 45 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint and respectfully refers all questions of law to this Court.

51. Denies the allegations contained in paragraph 51 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 51 of the Complaint, and respectfully refers all questions of law to this Court.

52. Denies the allegations contained in paragraph 52 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the

remaining allegations contained in paragraph 52 of the Complaint, and respectfully refers all questions of law to this Court.

53. Denies the allegations contained in paragraph 53 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 53 of the Complaint, and respectfully refers all questions of law to this Court.

54. Denies the allegations contained in paragraph 54 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 54 of the Complaint, and respectfully refers all questions of law to this Court.

55. Denies the allegations contained in paragraph 55 of the Complaint.

## SECOND CAUSE OF ACTION
**(Violations of Section 504 of the Rehabilitation Act)**

56. Repeats and realleges the foregoing by reference as if fully set forth herein.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and respectfully refers all questions of law to the Court.

59. Denies the allegations contained in paragraph 59 of the Complaint as they purport to relate to Defendant Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint as they purport

to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 60 of the Complaint, and respectfully refers all questions of law to the Court.

61. Denies the allegations contained in paragraph 61 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 61 of the Complaint, and respectfully refers all questions of law to the Court.

62. Denies the allegations contained in paragraph 62 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 62 of the Complaint, and respectfully refers all questions of law to the Court.

63. Denies the allegations contained in paragraph 63 of the Complaint as they purport to relate to Defendant Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint as they purport to relate to Defendant Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint as they purport to relate to Defendant Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Violations of the NYS Human Rights Law)**

67. Repeats and realleges the foregoing by reference as if fully set forth herein.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and respectfully refers all questions of law to this Court.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and respectfully refers all questions of law to this Court.

71. Denies the allegations contained in paragraph 71 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 72 of the Complaint, and respectfully refers all questions of law to this Court.

73. Denies the allegations contained in paragraph 73 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 73 of the Complaint, and respectfully refers all questions of law to this Court.

74. Denies the allegations contained in paragraph 74 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 74 of the Complaint, and respectfully

refers all questions of law to this Court.

75. Denies the allegations contained in paragraph 75 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint as they purport to relate to Defendant Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Violations of the NYC Human Rights Law)**

79. Repeats and realleges the foregoing by reference as if fully set forth herein.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and respectfully refers all questions of law to this Court.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and respectfully refers all questions of law to this Court.

82. Denies the allegations contained in paragraph 82 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 82 of the Complaint, and respectfully refers all questions of law to this Court.

83. Denies the allegations contained in paragraph 83 of the Complaint as they purport

to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 83 of the Complaint, and respectfully refers all questions of law to this Court.

84. Denies the allegations contained in paragraph 84 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 84 of the Complaint, and respectfully refers all questions of law to this Court.

85. Denies the allegations contained in paragraph 85 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 85 of the Complaint, and respectfully refers all questions of law to this Court.

86. Denies the allegations contained in paragraph 86 of the Complaint as they purport to relate to Defendant Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 86 of the Complaint, and respectfully refers all questions of law to this Court.

87. Denies the allegations contained in paragraph 87 of the Complaint as they purport to relate to Defendant Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 87 of the Complaint, and respectfully refers all questions of law to this Court.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and respectfully refers all questions of law to this Court.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Denies the allegations contained in paragraph 90 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 90 of the Complaint, and respectfully refers all questions of law to this Court.

91. Denies the allegations contained in paragraph 91 of the Complaint as they purport to relate to Seveneast, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 91 of the Complaint, and respectfully refers all questions of law to this Court.

92. Denies the allegations contained in paragraph 92 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 92 of the Complaint.

93. Denies the allegations contained in paragraph 93 of the Complaint.

94. Denies the allegations contained in paragraph 94 of the Complaint.

95. Denies the allegations contained in paragraph 95 of the Complaint.

96. Denies the allegations contained in paragraph 96 of the Complaint.

97. Denies the allegations contained in paragraph 97 of the Complaint.

98. Denies the allegations contained in paragraph 98 of the Complaint.

99. Denies the allegations contained in paragraph 99 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Violations of the NYS Civil Rights Law)**

100. Repeats and realleges the foregoing by reference as if fully set forth herein.

101. Denies the allegations contained in paragraph 101 of the Complaint as they purport to relate to Seveneast and denies knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations contained in paragraph 101 of the Complaint.

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

## INJUNCTIVE RELIEF

104. Denies the allegations contained in paragraph 104 of the Complaint.

105. Denies the allegations contained in paragraph 105 of the Complaint.

106. Denies the allegations contained in paragraph 106 of the Complaint.

## AFFIRMATIVE DEFENSES

107. As separate and distinct affirmative defenses to the Complaint and the alleged causes of action, Seveneast alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

108. Seveneast has not denied Plaintiff full and safe access to the benefits, accommodations, and services at 7 East 19th Street, New York, New York.

## SECOND AFFIRMATIVE DEFENSE

109. The Complaint is barred in whole or in part to the extent the subject premises provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## THIRD AFFIRMATIVE DEFENSE

110. Plaintiff lacks standing to bring the claims asserted by her in this case.

## FOURTH AFFIRMATIVE DEFENSE

111. Plaintiff's claims are barred in part or in whole because she was not a bona fide patron of Scanlan and if she visited Scanlan, she visited for the purposes of instituting the instant case.

**FIFTH AFFIRMATIVE DEFENSE**

112. The removal, accommodation, or alteration of any barriers at the Scanlan Theodore Premises by Seveneast is not readily achievable or technically/structurally feasible.

**SIXTH AFFIRMATIVE DEFENSE**

113. Plaintiff's claims are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

114. The removal, accommodation, or alteration of the barriers identified at the Scanlan Theodore Premises by Plaintiff are not readily achievable because of, among other things, the relationship of the subject premises to Seveneast.

**EIGHTH AFFIRMATIVE DEFENSE**

115. At all times relevant to this action, Seveneast acted honestly and in good faith to ensure full compliance with the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

**NINTH AFFIRMATIVE DEFENSE**

116. Plaintiff's claims are barred because the claimed violations are de minimis and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### TENTH AFFIRMATIVE DEFENSE

117. Seveneast did not discriminate against Plaintiff or deny her a full and equal opportunity to enjoy the goods and/or services provided at the Scanlon Theodore Premises on the basis of her alleged disability.

### ELEVENTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims for relief are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

### TWELFTH AFFIRMATIVE DEFENSE

119. Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law.

### THIRTEENTH AFFIRMATIVE DEFENSE

120. To the extent Plaintiff was denied an accommodation, such accommodation was unreasonable and/or would have been an undue burden.

### FOURTEENTH AFFIRMATIVE DEFENSE

121. Plaintiff's claims are moot to the extent Plaintiff seeks alterations or modifications that have already been made.

### FIFTEENTH AFFIRMATIVE DEFENSE

122. Plaintiff is not entitled to punitive damages because Seveneast did not act with malice or reckless indifference and because of its good faith efforts to comply with the ADA and all other statutes at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

123. Seveneast is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent such claims arise solely from acts or omissions for which Seveneast is not responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

124. At all times relevant herein, Seveneast acted in a manner that was proper, reasonable, lawful and in good faith and, as such, Seveneast did not intentionally impede or impair access to the Scanlan Theodore Premises to Plaintiff.

## RESERVATION OF RIGHTS

125. Seveneast reserves the right to assert additional affirmative defense as may arise during the course of this litigation.

## AS AND FOR SEVENEAST'S CROSS-CLAIM

126. At all relevant times, defendant Scanlan conducted business at 7 East 19th Street, New York, New York ("Premises") as a commercial tenant of Seveneast pursuant to a written lease agreement dated as of October 19, 2017 for a 10-year term ("Lease").

127. Pursuant to Article 5 of the Lease, entitled "Tenant's Work," Scanlan, as Tenant, agreed to perform certain work to the Premises.

128. Section 5.10 of the Lease provides "Subject to the provisions of this lease regarding Tenant's Work, Tenant may install, at Tenant's sole cost and expense, a ramp or other means of access as legally required to be provided to the disabled under the American with Disability Act [*sic*] and similar laws, but with the understanding that any permanent installation made in this regard will not be required to be removed by Tenant on the Expiration Date of this lease."

129. Pursuant to Section 11.1 of the Lease, Scanlan agreed to comply with all applicable laws:

> Tenant shall, at Tenant's expense, subject to the provisions of this lease, including Article 5, Tenant's Work, comply with all present and future laws, rules, regulations, orders, ordinances, judgments and requirements (each a "Law" and collectively, "Laws"), of the United States of America, the State of New York, the City of New York or… (collectively, "Authority") applicable to Tenant's occupancy of the Premises including, but not limited to, those relating to its use of the Premises, Tenant's Work, Tenant's Property or the Premises. If, however, compliance requires structural work to the Premises … Tenant shall comply, at Tenant's expense, only if the obligation to comply arises from Tenant's Work…

130. Pursuant to Section 23.9 of the Lease, Scanlan agreed to "indemnify, defend, and hold harmless" Seveneast from and against the following:

> (a) all claims arising from any act or omission of Tenant, its contractors, agents, employees, invitees or visitors, (b) all claims arising from any accident, injury or damage to any person or property in the Premises during the Term…, and (c) Tenant's failure to comply with Tenant's obligations under this lease (whether or not a Default), and all liabilities, damages, losses, finds, costs and expenses (including reasonably attorneys' fees and disbursements) incurred in connection with any such claim or failure.

131. To the extent Seveneast is adjudged to be liable to Plaintiff for any losses, costs, damages, expenses, and/or liabilities through settlement, judgment or otherwise, caused by the acts and/or omissions of Scanlan, then Seveneast is entitled to indemnification and/or contribution from Scanlan for all such losses, costs, damages, expenses and/or liabilities.

132. Based on Article 23 of the Lease, separate and distinct from Scanlan's obligation to indemnify, defend, and hold harmless Seveneast, Scanlan is obligated to pay to Seveneast all reasonable attorneys' fees it incurs in the defense of this action.

WHEREFORE, Defendant Seveneast prays for judgment:

a) Dismissing the Complaint against Seveneast in its entirety with prejudice;

b) Granting Seveneast judgment against Defendant Scanlan on its cross-claim for indemnification and/or contribution;

c) Granting Seveneast judgment against Defendant Scanlan on its cross-claim for attorneys' fees incurred in the defense of this action; and

d) Granting Seveneast such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 3, 2023

**KUCKER MARINO WINIARSKY & BITTENS, LLP**

By: _____/s/_____
Jill L. Mandell, Esq.
747 Third Avenue
New York, New York 10017
Phone: 212.869.5030
Fax:    212.944.5818
Email: jmandell@kuckermarino.com

*Attorneys for the Defendant Seveneast 19 LLC*