UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOYCE DE LA ROSA,

                            Plaintiff,

         - against -

SEVENEAST 19 LLC AND
SCANLAN THEODORE AMERICAS, LLC,

                            Defendants.
------------------------------------------------------------------X

**Case No. 1:22-cv-06575-AT**

**ANSWER AND DEFENSES TO COMPLAINT AND CROSS-CLAIM OF DEFENDANT SCANLAN THEODORE AMERICAS, LLC**

Defendant Scanlan Theodore Americas, LLC ("Scanlan Theodore"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, as and for its answer and other defenses to the complaint of plaintiff Joyce De La Rosa ("Plaintiff"), dated August 2, 2022 ("Complaint"), responds as follows:

### AS AND FOR A RESPONSE TO "NATURE OF THE CLAIMS"

1. Denies the allegations set forth in paragraph 1 of the Complaint.

2. Denies the allegations set forth in paragraph 2 of the Complaint.

### AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

3. Denies the allegations set forth in paragraph 3 of the Complaint.

4. Denies the allegations set forth in paragraph 4 of the Complaint.

5. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Admits, upon information and belief, the allegations set forth in paragraph 7 of the Complaint.

8. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the Complaint to the extent that Plaintiff alleges but does not identify, "At all times relevant to this action." Admits that Scanlan Theodore currently leases the identified property.

9. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the Complaint to the extent that Plaintiff alleges but does not identify, "At all times relevant to this action." Admits that Scanlan Theodore currently operates a retail establishment at the identified property.

10. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of the Complaint concerning Co-Defendant Seveneast 19 LLC ("Seveneast 19"). Admits the allegations set forth in paragraph 10 of the Complaint concerning Scanlan Theodore.

11. Admits the allegations set forth in paragraph 11 of the Complaint.

12. Admits the allegations set forth in paragraph 12 of the Complaint.

13. Admits the allegations set forth in paragraph 13 of the Complaint.

14. Admits the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 16 of the Complaint and respectfully refers the Court to the application and regulation cited therein for a complete and accurate statement of their contents and application to this case, if any.

17. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 of the Complaint and respectfully refers the Court to the

regulations cited therein for a complete and accurate statement of their contents and application to this case, if any.

## AS AND FOR A RESPONSE TO "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 19 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents and application to this case, if any.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 38 of the Complaint concerning Plaintiff's intent and denies the remainder of the allegations.

39. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 40 of the Complaint.

**AS AND FOR A RESPONSE TO FIRST CAUSE OF ACTION (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

41. Repeats and realleges each and every response to paragraphs 1 through 40 above, as if fully set forth herein.

42. Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 43 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statute and regulation cited therein for a complete and accurate statement of their contents and application to this case, if any.

44. Paragraph 44 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 44 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statute and regulation cited therein for a complete and accurate statement of their contents and application to this case, if any.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

53. Denies the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

**AS AND FOR A RESPONSE TO SECOND CAUSE OF ACTION (VIOLATIONS OF SECTION 504 OF THE REHABILITAION ACT)**

56. Repeats and realleges each and every response to paragraphs 1 through 55 above, as if fully set forth herein.

57. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 58 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statute and regulations cited therein for a complete and accurate statement of their contents and application to this case, if any.

59. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 59 of the Complaint.

60. Denies the allegations set forth in paragraph 60 of the Complaint.

61. Denies the allegations set forth in paragraph 61 of the Complaint.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

63. Denies the allegations set forth in paragraph 63 of the Complaint.

64. Denies the allegations set forth in paragraph 64 of the Complaint.

65. Denies the allegations set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

**AS AND FOR A RESPONSE TO THIRD CAUSE OF ACTION (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

67. Repeats and realleges each and every response to paragraphs 1 through 66 above, as if fully set forth herein.

68. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 69 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statute cited therein for a

complete and accurate statement of its content and application to this case, if any.

70. Paragraph 70 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 70 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents and application to this case, if any.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

72. Denies the allegations set forth in paragraph 72 of the Complaint.

73. Denies the allegations set forth in paragraph 73 of the Complaint.

74. Denies the allegations set forth in paragraph 74 of the Complaint.

75. Denies the allegations set forth in paragraph 75 of the Complaint.

76. Denies the allegations set forth in paragraph 76 of the Complaint.

77. Denies the allegations set forth in paragraph 77 of the Complaint.

78. Denies the allegations set forth in paragraph 78 of the Complaint.

**AS AND FOR A RESPONSE TO FOURTH CAUSE OF ACTION (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

79. Repeats and realleges each and every response to paragraphs 1 through 78 above, as if fully set forth herein.

80. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 81 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents and application to this case, if any.

82. Denies the allegations set forth in paragraph 82 of the Complaint.

83. Denies the allegations set forth in paragraph 83 of the Complaint.

84. Denies the allegations set forth in paragraph 84 of the Complaint.

85. Denies the allegations set forth in paragraph 85 of the Complaint.

86. Denies the allegations set forth in paragraph 86 of the Complaint.

87. Denies the allegations set forth in paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 88 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents and application to this case, if any.

89. Paragraph 89 of the Complaint sets forth legal conclusions, which are reserved to the Court. To the extent that paragraph 89 sets forth factual allegations that imply liability, they are denied. Scanlan Theodore respectfully refers the Court to the statute cited therein for a complete and accurate statement of its content and application to this case, if any.

90. Denies the allegations set forth in paragraph 90 of the Complaint.

91. Denies the allegations set forth in paragraph 91 of the Complaint.

92. Denies the allegations set forth in paragraph 92 of the Complaint.

93. Denies the allegations set forth in paragraph 93 of the Complaint.

94. Denies the allegations set forth in paragraph 94 of the Complaint.

95. Denies the allegations set forth in paragraph 95 of the Complaint.

96. Denies the allegations set forth in paragraph 96 of the Complaint.

97. Denies the allegations set forth in paragraph 97 of the Complaint.

98. Denies the allegations set forth in paragraph 98 of the Complaint.

99. Denies the allegations set forth in paragraph 99 of the Complaint.

### AS AND FOR A RESPONSE TO FIFTH CAUSE OF ACTION (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

100. Repeats and realleges each and every response to paragraphs 1 through 99 above, as if fully set forth herein.

101. Denies the allegations set forth in paragraph 101 of the Complaint.

102. Denies the allegations set forth in paragraph 102 of the Complaint.

103. Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 103 of the Complaint.

### AS AND FOR A RESPONSE TO INJUNCTIVE RELIEF

104. Denies the allegations set forth in paragraph 104 of the Complaint.

105. Denies the allegations set forth in paragraph 105 of the Complaint.

106. Denies the allegations set forth in paragraph 106 of the Complaint.

### AS AND FOR A RESPONSE TO JURY DEMAND

This demand calls for a legal conclusion, which is reserved to the Court. To the extent that a response is required, Scanlan Theodore denies any inference of liability and leaves Plaintiff to her proofs.

### AS AND FOR A RESPONSE TO PRAYER FOR RELIEF

Denies that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause on page 20 of the Complaint or to any other damages or relief.

### **AFFIRMATIVE AND OTHER DEFENSES**

Scanlan Theodore asserts the following defenses and affirmative defenses, as set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure ("FRCP"), without assuming any burden of production or proof that it would not otherwise bear.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, for lack of subject-matter jurisdiction.

## THIRD DEFENSE

The Complaint should be dismissed due to insufficient service of process.

## FOURTH DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to join a party under FRCP 19.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or limitations periods.

## SIXTH DEFENSE

Plaintiff did not and does not have a legitimate and/or *bona fide* intent to attempt to access the location identified in her Complaint other than for the purpose of pursuing litigation and therefore lacks standing to bring the claims asserted in her Complaint.

## SEVENTH DEFENSE

Plaintiff's claims are be barred, in whole or in part, by the equitable doctrine of estoppel.

## EIGHTH DEFENSE

Plaintiff's claims are be barred, in whole or in part, by the equitable doctrine of laches.

### NINTH DEFENSE

Plaintiff's claims are be barred, in whole or in part, by the equitable doctrine of unclean hands.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust administrative remedies.

### ELEVENTH DEFENSE

Plaintiff's claims are barred or the damages flowing therefrom reduced because Plaintiff failed to provide good faith notice to Scanlan Theodore and/or any opportunity for Scanlan Theodore to respond regarding any alleged barrier of access to the premises, goods, and/or services at such time such barrier allegedly existed and before filing her Complaint, which prevented Scanlan Theodore from taking any action to address and/or remedy such alleged barrier.

### TWELFTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, on the ground that a defense is founded upon documentary evidence.

### THIRTEENTH DEFENSE

Scanlan Theodore, at all relevant times, acted in good faith and without willfulness, malice, or intent to violate Plaintiff's rights and had reasonable grounds for believing its practices complied with the applicable statutes and regulations.

### FOURTEENTH DEFENSE

Even if Plaintiff were entitled to recover damages, which Scanlan Theodore expressly denies, Plaintiff may be barred or limited from recovering damages based upon her failure to mitigate said damages.

### FIFTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of reasonable alternatives provided by Scanlan Theodore and also unreasonably failed to avoid any alleged harm.

### SIXTEENTH DEFENSE

Supplemental or pendent jurisdiction should not be exercised over any of the claims alleged in the Complaint.

### SEVENTEENTH DEFENSE

Any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

### EIGHTEENTH DEFENSE

Any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

### NINETEENTH DEFENSE

The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was *de minimis*, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

### TWENTIETH DEFENSE

Without conceding that Scanlan Theodore made any "alterations" within the meaning of

disability access laws, any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

### TWENTY-FIRST DEFENSE

Plaintiff may not recover punitive damages because Scanlan Theodore did not act with malice and/or with reckless disregard of her rights.

### TWENTY-SECOND DEFENSE

Scanlan Theodore is not obligated to make any alterations sought by Plaintiff that would result in: a fundamental alteration to the nature of Scanlan Theodore's services, programs, or activities; an undue financial or administrative burden; or would require structural changes to existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act ("ADA") and/or applicable state and local public accommodation laws.

### TWENTY-THIRD DEFENSE

Any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

### TWENTY-FOURTH DEFENSE

Scanlan Theodore alleges, upon information and belief, that Plaintiff has not suffered any damage as a result of any actions taken by Scanlan Theodore, and Plaintiff is thereby barred from asserting any claim against Scanlan Theodore.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of mootness.

## TWENTY-SIXTH DEFENSE

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Scanlan Theodores's alleged violations of the ADA or the state or city laws identified in the Complaint.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is not disabled as defined by the ADA and/or the New York State Human Rights Law or New York City Human Rights Law.

## TWENTY-EIGHTH DEFENSE

Any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because Scanlan Theodore accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. § 12182).

## TWENTY-NINTH DEFENSE

Insofar as Scanlan Theodore has not made alterations to the property at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal, state, or city law, and any requirements to make those changes would impose an undue burden upon Scanlan Theodore.

## THIRTIETH DEFENSE

Any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because the removal of the alleged architectural barriers

identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, and/or they do not trigger an "alteration" legal standard, including that the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alterations made by Scanlan Theodore are sufficient in that they satisfy the "to the maximum extent feasible" standard within the meaning of 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, and any allegedly wrongful acts or omissions performed by Scanlan Theodore or its agents do not subject Scanlan Theodore to liability because, with respect to any particular architectural element of any of the subject property that departs from accessibility guidelines, Scanlan Theodore provided equivalent facilitation with respect to the barriers alleged in the Complaint, in the form of alternative policies and technologies that provide substantially equivalent or greater access to and usability of the facilities.

## THIRTY-FOURTH DEFENSE

Scanlan Theodore is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Scanlan Theodore is not responsible.

**THIRTY-FIFTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees under the ADA or any other statute to the extent that Scanlan Theodore has or will take appropriate measures to remedy the alleged barriers to access.

**THIRTY-SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by reason of Scanlan Theodore's good faith reliance upon the advice of architects and reasonable interpretations of law by building authorities and issuance of appropriate building permits and certificates of occupancy for the property at issue.

**THIRTY-EIGHTH DEFENSE**

Scanlan Theodore at all times, in all manners, acted in accordance with any and all duties and obligations under federal, New York state, city, and local law, and their regulations.

**THIRTY-NINTH DEFENSE**

Plaintiff has not suffered any legally cognizable damages.

**FORTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Scanlan Theodore made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities.

**FORTY-FIRST DEFENSE**

Any remediation of the architectural barriers alleged in the Complaint would not constitute a reasonable accommodation.

**FORTY-SECOND DEFENSE**

Any remediation of the architectural barriers alleged in the Complaint would exact an undue hardship upon Scanlan Theodore.

**FORTY-THIRD DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the FRCP. The extent to which Plaintiff's claims may be barred cannot be determined until Scanlan Theodore has an opportunity to complete discovery. Therefore, Scanlan Theodore incorporates all such affirmative defenses as though fully set forth herein.

**FORTY-FOURTH DEFENSE**

Scanlan Theodore affirmatively and specifically pleads each and every defense, limitation, and immunity provided under the ADA and the other statutes and regulations cited in the Complaint.

**FORTY-FIFTH DEFENSE**

To the extent that Plaintiff has suffered any of the damages alleged in the Complaint, which Scanlan Theodore expressly denies, Scanlan Theodore is entitled to contribution from parties and entities, including but not limited to Seveneast 19.

**FORTY-SIXTH DEFENSE**

To the extent that Plaintiff has suffered any of the damages alleged in the Complaint, which Scanlan Theodore expressly denies, Scanlan Theodore is entitled to indemnification from parties and entities, including but not limited to Seveneast 19.

**FORTY-SEVENTH DEFENSE**

In addition to the foregoing defenses, Scanlan Theodore reserves the right to amend its

Answer, to raise additional affirmative and other defenses, and to pursue any available claims against Plaintiff or any other party.

## AS AND FOR A FIRST CROSS-CLAIM

1. Scanlan Theodore repeats and realleges each and every response to paragraphs 1 through 106 above, as if fully set forth herein

2. In the alternative, if the Court should determine that Plaintiff sustained the injuries and damages as alleged in the Complaint, and if the Court should further determine that Scanlan Theodore is liable in any degree to Plaintiff, Scanlan Theodore alleges, upon information and belief and upon the bases of common law indemnity, contractual indemnity, and/or any other legal apportionment of responsibility doctrine, that Scanlan Theodore is entitled to indemnification and/or contribution from and judgment against Seveneast 19 for all or part of any verdict or judgment that Plaintiff might recover against Defendants.

\* \* \* \* \* \* \*

**WHEREFORE**, Scanlan Theodore respectfully requests that the Court issue a judgment dismissing the Complaint in its entirety with prejudice, granting to Scanlan Theodore its costs, including attorneys' fees, incurred in this case, and awarding Scanlan Theodore such other and further relief as the Court may deem just, proper, and equitable.

Dated: New York, New York
March 3, 2023

        Respectfully Submitted,

        **GORDON REES**
        **SCULLY MANSUKHANI, LLP**

By: */s/ David J. Grech*
    David J. Grech
    Copatrick Thomas
    One Battery Park Plaza, 28th Floor
    New York, New York 10004
    Tel: (212) 269-5500
    Fax: (212) 269-5505
    Email: dgrech@grsm.com
    Email: cxthomas@grsm.com

    *Attorneys for Defendant Scanlan Theodore Americas, LLC*

To: Attorneys of Record (via ECF)